IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERESA FLAUTT** | : | |
| 309 Kramer Court | | |
| Canal Winchester, Ohio 43110 | : | **Case No.** _____ |
| **PLAINTIFF,** | : | |
| V. | : | **Judge** _____ |
| **SOUTH-WESTERN CITY** | : | |
| **SCHOOL DISTRICT** | | |
| 3805 Marlane Drive | : | |
| Grove City, Ohio 43213 | | |
| | : | |
| **DEFENDANT.** | | |

## COMPLAINT
## (WITH JURY DEMAND)

1. This is an action brought pursuant to 42 U.S.C. §1983 for deprivation of constitutionally protected rights. This complaint contains allegations that Defendant South-Western City Schools District unlawfully retaliated against Plaintiff Teresa Flautt for engaging in speech that is protected under the First Amendment.

## PARTIES

2. Plaintiff Teresa Flautt ("Ms. Flautt") is an individual and former employee of the South-Western City Schools District.

3. Defendant South-Western City Schools District ("SWCSD") is a local school district located in the southwestern quadrant of Franklin County, which includes a substantial portion of the City of Columbus. SWCSD is the second largest public school district in

Franklin County and the fifth largest in the State of Ohio, comprising 16 elementary schools, five intermediate schools, five middle schools, four high schools, one career-technician academy, and one special needs preschool.

## JURISDICTION AND VENUE

4. Ms. Flautt brings her constitutional claims under 42 U.S.C. §1983. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1331.

5. This Court has personal jurisdiction over SWCSD.

6. Venue is proper under 28 U.S.C. §1391, as the relevant events took place within this Court's jurisdiction.

## FACTS

7. Ms. Flautt commenced employment with SWCSD in 1994, working in the Transportation Department.

8. In 1998, Ms. Flautt was transferred to the Treasurer's Office.

9. Throughout her 24 year career with the SWCSD, Ms. Flautt was an exemplary employee, always receiving positive performance evaluations and never receiving any discipline of any sort whatsoever.

10. Notwithstanding Ms. Flautt's almost quarter-century of dedicated services to SWCSD, on October 5, 2018, she was told by Personnel Director Kevin Scott that she would have to resign or be terminated from employment.

11. The rationale provided for this determination was that Ms. Flautt engaged in a rumor about SWCSD Treasurer Hugh Garside.

12. Ms. Flautt explained she did not engage in creating or spreading any rumors.

13. Rather, she had a private conversation with another employee of the Treasurer's Office, Lisa Lee, about a concern she had that affected the conditions of the entire Treasurer's Office.

14. In particular, Ms. Flautt expressed to Ms. Lee that she had received several telephone calls from other employees of SWCSD inquiring as to whether Treasurer Garside was engaging in extra-marital affairs with female employees of SWCSD.

15. Ms. Flautt further explained how she recently received a telephone call and was asked specifically whether Treasurer Garside was having an affair with Kathy Adams, who works in Accounts Payable.  Ms. Lee responded by stating, "It wouldn't surprise me."

16. Ms. Flautt made it clear to Ms. Lee during their discussion that she was seeking advice on how she should handle this situation.  Specifically, Ms. Flautt was seeking advice as to whether she should speak to Mr. Garside about the matter since the issue seemed to now be getting out of control.

17. Ms. Flautt was an employee of SWCSD several years prior when Mr. Garside separated from employment with SWCSD.

18. The reason for Mr. Garside's separation, as explained by Mr. Garside himself in a meeting he called with all employees of the Treasurer's Office prior to separating, was that he was having extra-marital affairs with female employees of SWCSD and also had issues with consuming alcohol while operating a motor vehicle.

19. Ms. Flautt recalls Mr. Garside's abrupt separation at the time causing disruption in the department.

20. Ms. Flautt also expressed to Ms. Lee her concern about how Mr. Garside may misinterpret her good intentions of looking out for the best interest of the Treasurer's Office as an attack on him personally.

21. Upon information and belief, Mr. Garside became aware of the discussion between Ms. Flautt and Ms. Lee and stated he could no longer trust Ms. Flautt.

22. SWCSD then determined it would have to cause Ms. Flautt's separation from employment.

23. Ms. Flautt was given the option to resign so as to not have a termination on her record. Under the circumstances, Ms. Flautt felt she had no choice but to resign, the only other option being to be terminated.

### UNLAWFUL RETALIATION IN VIOLATION OF FIRST AMENDMENT

24. The preceding paragraphs are incorporated here as if fully restated.

25. Ms. Flautt engaged in the constitutionally protected activity of free speech by expressing her concern about Treasurer Garside engaging in inappropriate conduct that could cause disruption in the Treasurer's Office.

26. Ms. Flautt's speech clearly constituted a matter of public concern.

27. SWCSD determined Ms. Flautt would need to be separated from employment, either by terminating her or causing her to resign, for engaging in such speech.

28. SWCSD's determination to cause Ms. Flautt's separation from employment would chill others from engaging in the activity of expressing free speech on matters of public concern.

29. SWCDS's action of causing Ms. Flautt's separation from employment was motivated in response to Ms. Flautt's exercising her free speech.

30. The manner in which Ms. Flautt exercised her free speech was not disruptive to SWCSD's work, thereby establishing that her interest as a citizen, in commenting on matters of public

concern, outweighs SWCSD's interest in promoting the efficiency of the public services it performs through its employees.

31. As a direct and proximate result of SWCSD's actions, Ms. Flautt has suffered and will continue to suffer lost wages and benefits, emotional distress and other consequential damages.

## PRAYER FOR RELIEF

Plaintiff Teresa Flautt respectfully requests that this Court enter judgment in her favor and against Defendant South-Western City School District on the single cause of action in this complaint, and enter an order awarding the following relief:

1. Judgement in Plaintiff's favor as to all her claims of relief;

2. Payment for all economic damages including, but not limited to, back pay, front pay, lost benefits that she suffered and is reasonably expected to suffer in the future;

3. Payment for non-economic damages including, but not limited to, emotional harm, mental anguish, humiliation and inconvenience she suffered and is reasonably expected to suffer in the future;

4. Attorney's fees and costs, including expert fees (if any);

5. Punitive damages;

6. Enjoin Defendant from further retaliating against employees for exercising their constitutionally protected first amendment right to free speech;

7. Declare that Defendant's acts and conduct violated the First Amendment of the U.S. Constitution.

8. All other legal and equitable relief to which Plaintiff is entitled and that this Court may deem just and appropriate.

## JURY TRIAL DEMAND

Plaintiff Teresa Flautt requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,

s//: Fazeel S. Khan
FAZEEL S. KHAN (0075578) (Trial Attorney)
Haynes Kessler Myers & Postalakis, Incorporated
300 W. Wilson Bridge Road, Suite 100
Worthington, OH  43085
T: (614) 764-0681 / F: (614) 764-0774
fazeel@ohiolawyersgroup.com

*Attorney for Plaintiff Teresa Flautt*